**LAW OFFICES OF**
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

August 3, 2020

**MEMO ENDORSEMENT.**

The Government is to reply to defendant's response by Wednesday, August 5, 2020 at 12:00PM.

8/3/2020   SO ORDERED.
LEWIS J. LIMAN
United States District Judge

<u>Via ECF & Email</u>
The Honorable Lewis J. Liman
United States District Court Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Baker, et al.*, 20-CR-288 (LJL)
      Response to the Government's Application for a Protective Order

Dear Judge Liman:

   I represent Mr. Kitwane Parkinson in the above referenced matter.  Joined by counsel for codefendants Thomas Baker and Tony McNair, I write in response to the Government's application for a Protective Order. *See* Docket Entry No. 33, Affirmation of Assistant United States Attorney Mathew Andrews, dated July 27, 2020 submitted in support of Application for Protective Order, ("Aff."). Attached to the Government's submission is a copy of the Defense's proposed Protective Order. *See Id.* Exhibit B. As the Government concedes, the dispute between the Government and Defense counsel is the wording of paragraph 2 under the heading "Sensitive Disclosure Material." *See Id.*

> GOVERNMENT'S VERSION
> 2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.
>
> DEFENSE'S VERSION
> 2. **Sensitive Disclosure Material.** The Defendants and the Government agree that certain of the disclosure material or portions of this material, is "sensitive" and which should not be disclosed to the defendant outside the presence of counsel or members of the defense

1

team. Such material may be considered 'sensitive", because for example, disclosure will infringe on the privacy of the an individual, or unduly compromise an ongoing investigation, or compromise a witness' safety. As of the date of this Order, the Government and the Defense agree that the following disclosure material is sensitive. GOVERNMENT SHALL LIST.[1] The parties recognize that the Government may, upon further review of discovery, determine additional disclosure material is "sensitive". In the event, the Government determines there are additional "sensitive" disclosure material, it will label that material as "sensitive", and provide Defense counsel with both an unredacted copy of this material and a redacted copy of this material. Defense counsel will provide the Defendant only with the redacted copy of the labeled "sensitive" disclosure material. The Government agrees to confer with Defense counsel in an attempt to resolve any dispute regarding the labeling of any disclosure material as "sensitive". Any unresolved dispute as to whether material should be omitted or redacted from dissemination to the Defendants shall be promptly brought to the attention of the Court for its resolution. Until any such dispute is resolved, Defense counsel will refrain from sharing the disputed material with the defendants in unredacted form.

Each of the proposed versions of paragraph 2 provides for the protection of sensitive discovery material by ensuring that the defendant will not be provided a copy of the material or the portion of disclosure material that is "sensitive" and will only be able to review the material in the presence of counsel or a member of the defense team. Accordingly, the disagreement is not whether there likely exists certain disclosure material that should be labeled as "sensitive" and therefore, not be distributed to the defendant to ensure the material not be otherwise further distributed. Indeed, as noted, defense counsel are prepared to agree to the "sensitive" labeling of the few documents that the Government has requested to label in that manner thus far: victims' medical records and one third party rap sheet. As of yet, the Government has advised that it has not identified any other material it considers as "sensitive," raising questions about the very need for a protective order in this case. Nonetheless, in an effort to compromise, the defense has included in its proposed protective order a provision that anticipates fair procedures should the Government identify additional disclosure material that it wishes to label as "sensitive." The procedure we propose is simple: The Government provides to the defense both an unredacted and redacted copy of the material to defense counsel. This eliminates Defense counsel guessing what portions of the disclosure material is "sensitive" and allows the defendants access to those portions of their disclosure material that they should be permitted to view. Given the COVID-19 crisis and the current restrictions on attorney visitation within the Bureau of Prisons, the defendants will be unable to view any of the "sensitive" disclosure material unless the Government or defense counsel is able to provide them with a redacted version. Defense counsel believes that the Government should be tasked with creating those redacted versions so that defense counsel is not left to guess what portion the Government believes is sensitive and would wish to withhold from the defendants themselves. Moreover, given the few documents that will seemingly be subject to the "sensitive" label in this case, the task of redacting will not prove onerous for the Government.

---

[1] As noted in the Government's July 27, 2020 Application, the material that the parties have agreed may be designated as "sensitive" includes victims' medical records and one third party rap sheet. *See* Aff. ¶ 7d.

In addition, to avoid unnecessary litigation, the Defense version provides for the parties to confer regarding any disputed labeling of sensitive material and to seek the Court's intervention only where a resolution can't be reached. This satisfies Local Rule 16.1, which requires the parties to confer "in an effort in good faith to resolve [discovery disputes] without the intervention of the Court . . ."

> No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved.

Importantly, under the Defense's proposal, the defendant would not receive of a copy of any material marked "sensitive", even when the labeling is disputed, until the dispute is resolved whether by the parties or by a court order.

The defendants also object to the Government's implication that they will intimidate, harm, or obstruct justice if through their review of the discovery they learn or can discern the identity of witnesses: "Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein."  *See* Govt's Proposed Protective Order ¶ 2. This is a baseless implication and assumption.  The language is not harmless nor inconsequential. Protective Orders are filed on ECF and thus, the public record will contain false and misleading about the potential that the defendants will do harm to a witness and interfere with this case. As in all cases, the defendants are aware that they would face additional charges from witness intimidation and they have no incentive to add to the already serious charges against them by so doing.  Nor is there any proof, aside from the nature of the charges—not convictions—in this case, that these defendants would contemplate undertaking such extreme measures from within the walls of the Metropolitan Correctional Center.

The Government has not shared with the Defense its basis for rejecting our proposed language for "sensitive" disclosure material. Rather, their argument appears to be that because identical language for "sensitive" disclosure material appears in other protective orders, in other matters, that were previously consented to by counsel for Mr. Parkinson and approved by the court, the same language should be approved here.  See Aff. at ¶ 7(b).[2] The problem with the Government's language is obvious. To keep doing the same thing only because it was done before is legally unsound. Indeed, problems with these previous protective orders have arisen and the Defense's proposed language in this case specifically addresses those problems, requiring the Government to: (1) provide the Defense with a redacted copy of the sensitive

---

[2] Notably, the majority of the Government's examples involved protective orders imposed before the current global pandemic foreclosed the possibility of in-person attorney-client visitation.

material so the defendant can receive a redacted copy, and (2) confer with the Defense regarding any disputed redacted portions.

The Government has not provided a reasonable rationale for not accepting the Defense version and in truth none exists. We strongly believe our proposal has the same unconditional safeguards for "sensitive" discovery material as the Government's does but adds provisions that facilitate the defendants' receipt of discovery during an unprecedented global pandemic. Furthermore, our proposal eliminates inapplicable language. We ask the Court to approve the Defense version of paragraph 2 of the proposed protective order.

Respectfully,
   /s/
Donna R. Newman
Cc: Ariel Werner, Esq. (counsel for Tony McNair)
    Scott Tulman, Esq. (counsel for Thomas Baker)
    AUSA Mathew Andrews